W. W. POLK, H. P. DIAMOND AND H. W. HARRISON, *Plaintiffs in Error*, v. THE STATE OF FLORIDA *ex rel*. RIVERS BUFORD, ATTORNEY GENERAL, *Defendant in Error*.

Division B.

Opinion Filed February 3, 1925.

1. In an election, called and held for the purpose of consolidating four existing special tax school districts, the majority vote in three of such districts was for consolidation and in one of such districts against consolidation. *Held*: That no consolidation was effected by this election. The only question submitted to the voters was whether the four participating districts should be merged into and become a single spe-

cial tax school district. The question of whether a less number than four of such districts should be consolidated was not submitted.

2. To authorize consolidation of two or more existing special tax school districts by an election called and held for that purpose, it is required that "a majority of the votes cast in each of the districts proposed to be consolidated shall be in favor of consolidation."

3. Separate and distinct propositions to be voted on should be submitted in such a way as to obtain an intelligent and fair expression of the voters.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Affirmed.

*W. W. Clark,* for Plaintiffs in Error;

*Watson & Pasco,* for Defendant in Error.

WEST, J.—By *quo warranto* proceedings the validity of a consolidated special tax school district in Santa Rosa County is challenged and the asserted right of the individuals named to exercise the functions of trustees· is denied.

The information alleges in substance that in an election, duly called and held for the purpose of determining whether four existing special tax school districts should be consolidated, there was in three of such districts a majority vote for consolidation and in one of such districts a majority vote against consolidation; that upon a canvass of the returns by the board of public instruction of the county it was determined and declared that the three districts in which there was a majority vote for consolidation should constitute the proposed consolidated special tax

school district, and that the three persons receiving the highest vote therefor were elected trustees of said district.

The following plea was interposed to the information: "That Special Tax School Districts numbered 2, 3 and 11 of Santa Rosa County, Florida, were duly and legally consolidated at an election held in each of said districts on the 15th day of December A. D. 1923, such election having been called and held for the purpose of determining whether or not certain Special Tax School Districts numbered 2, 3 and 11 and also Special Tax School District numbered 13 within said county should be consolidated into a single special tax school district. That a majority of the votes cast at said election in Special Tax School Districts numbered 2, 3 and 11 were cast in favor of consolidation of the said four districts and that the Board of Public Instruction of Santa Rosa County, Florida, did canvass the returns from the election held in each of said Special Tax School Districts and did find and determine that a majority of all votes cast at said election in Special Tax School Districts numbered 2, 3 and 11 were cast in favor of said consolidation and that a majority of the votes cast in said election in Special Tax School District number 13 were cast against the consolidation of said four districts and did determine and order that the said Special Tax School Districts numbered 2, 3 and 11 in which a majority vote was cast for consolidation were duly consolidated into one district and did name and designate the same as Consolidated Special Tax District number 9-B, Jay; and that at said election held as aforesaid these defendants were duly elected as trustees of such Special Tax School District number 9-B, Jay, and that the Board of Public Instruction of said county did find and determine from the returns of said election that these defendants were elected trustees as aforesaid."

No question of procedure is involved.

By agreement of counsel the issue made was submitted to

the court for determination upon an agreed statement of facts.

The judgment of the court was that the three special tax school districts voting in favor of consolidation, nor any of them, were consolidated, and that the respondent trustees were not, and none of them were, elected trustees of any special tax school district created by consolidation of any of the districts participating.

The question presented is whether it is necessary, under the statute, in order to effect a consolidation of participating special tax school districts, that a majority of the electors voting in each of the districts shall vote in favor of the proposed consolidation.

By the statute authorizing the consolidation of two or more special tax school districts, it is provided that among other matters to be voted upon and determined at an election held for that purpose, is the following : "Whether the said districts shall be consolidated and shall become a single Special Tax School District. To authorize the consolidation of said district it shall be required that at said election a majority of the votes cast in each of the districts proposed to be consolidated shall be in favor of consolidation." Sub-sec. 1, Sec. 2, Chap. 7913, Acts of 1919.

The statute further provides that "when the result of any election held under the provisions of this Act shall be in favor of consolidation, the districts voting in favor of such consolidation shall become one entire district from and after the expiration of thirty days after the entry of the Board of Public Instruction of the county in which such districts are situated in the minutes of said Board of the result of such election." Sec. 4, Chap. 7913, Acts of 1919.

The conclusion seems inevitable that at an election held under this statute the question presented for determination by the voters is whether the two or more special tax school districts participating shall be merged into, and thereafter

upon an affirmative vote to that effect, constitute a single special tax school district. If this is not true and any two or more of the participating districts may, as the result of such election, be merged into one district, then the number of questions to be voted on at such an election is limited only by the number of possible combinations that may be formed by any two or more of the participating districts.

The object in forming a special tax school district is to make available therein a larger income, in consequence of a higher rate of taxation within such district, for the maintenance and support of public schools. They are primarily taxing districts. And where it is proposed, as in this case, to consolidate four districts, it is conceivable that those voting for consolidation of all the participating districts would not vote for the consolidation of a less number than all. It might well be that the proposed consolidation would diminish the tax burden, whereas a consolidated district of less than the whole number of the districts proposed to be consolidated, less in area and in taxable property, would not. The question of consolidating three of the participating districts has not been submitted to the voters. Those voting for consolidation expressed themselves in favor of consolidating the four districts, not three.

That the legislative intent was that a consolidation should be consummated only upon a majority vote in each of the several participating districts, is obvious. So clearly so, we think, that further discussion would be superfluous. This conclusion not only accords with the statute, but with the recognized principle that distinct propositions to be voted on should be stated and submitted in such a way as to allow and obtain an intelligent and fair expression of the will of the voters. Antuono v. City of Tampa, 87 Fla. 82, 99 South. Rep. 324.

The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND BROWNE, J., concur in the opinion.